UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In the Matter of the Complaint of Glory First Ltd., Glory Ships (S) Pte. Ltd., and Erasmus Corp. as Owner and Managing Owners of the M/V GLORY FIRST, Petitioning for Exoneration from, or Limitation of Liability** | CIVIL ACTION NO.<br><br>JUDGE:<br><br>MAG. JUDGE: |

### VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of Glory First Ltd., Glory Ships (S) Pte. Ltd., and Erasmus Corp. (hereinafter collectively referred to as "Petitioners"), as owner and managing owners of M/V GLORY FIRST, in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. §1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, allege upon information and belief, as follows:

1. At all times pertinent to this cause, Glory First Ltd. was a company organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States and was the registered owner of M/V GLORY FIRST.

2. At all times pertinent to this cause, Glory Ships (S) Pte. Ltd. was a corporation organized under and existing by virtue of the laws of a foreign nation, with its principal place of business outside the United States and was a managing owner of M/V GLORY FIRST, manning, victualing, and in operational control of said vessel.

3. At all times pertinent to this cause, Erasmus Corp. was a corporation organized under and existing by virtue of the laws of a foreign nation, with its principal place of business outside the United States and was a managing owner of M/V GLORY FIRST, manning,

victualing, and in operational control of said vessel.

4. M/V GLORY FIRST is a bulk carrier vessel bearing IMO number 9713909 and flagged under the laws of the Marshall Islands and home-ported in Majuro.

5. Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to and at the time of the casualty herein, tight, staunch, strong, and fully and properly manned, equipped, and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

6. The incident at issue started at about 0530 hours on Sunday, January 26, 2020. M/V GLORY FIRST was maneuvering upbound on the Mississippi River under compulsory pilotage and in the vicinity of the Interstate 310 bridge in Luling, Louisiana, when M/V RC CREPPEL and M/V COOPERATIVE SPIRIT or their tows collided near 26 Mile Point (about Mile 123 above Head of Passes (AHP)), approximately 1.5 miles upriver from M/V GLORY FIRST's position. Thereafter, several barges in the M/V COOPERATIVE SPIRIT's tow collided with the portside hull of the M/V GLORY FIRST.

7. This Complaint is filed within six months from the date Petitioners received any notice of a limitable claim.

8. The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the M/V GLORY FIRST, or anyone for whom Petitioners may be responsible.

9. The aforementioned incident was occasioned and occurred without the privity or knowledge of Petitioners herein.

10. As a result of the aforementioned incident, certain persons and/or entities allege they sustained physical damages, economic damages, and/or other losses.

11. Upon information and belief, M/V GLORY FIRST suffered approximately $400,000 in physical damages as a result of the incident on January 26, 2020. Petitioners reserve the right to amend this article of the Complaint.

12. Below is a list of all demands and pending actions related to the incident of which Petitioners have knowledge as of the time of the filing of this Complaint. Upon information and belief, Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against Petitioners or the M/V GLORY FIRST arising out of the aforementioned incident.

| | |
|---|---|
| *In re Petition of ELITE TOWING, INC. to Perpetuate certain Electronic Data and Evidence* | USDC Eastern District of Louisiana Civil Action No. 2:20-cv-00354 |
| Elite Towing, Inc. c/o Duncan Sevin, L.L.C., Attorneys at Law, 400 Poydras Street, Suite 1200, New Orleans, LA 70130 | February 10, 2020 demand for damages in excess of $14,500,000 |
| *In the Matter of American River Transportation Co., LLC, as Owner and Operator of the M/V COOPERATIVE SPIRIT, Praying for Exoneration From or Limitation of Liability* | USDC Eastern District of Louisiana Civil Action No. 2:20-cv-00416 |
| *Rita Pucheu Verified Complaint of Intervention to Petition to Perpetuate Testimony and Documents and to Supplemental Petition to Perpetuate Testimony and Documents* | USDC Eastern District of Louisiana Civil Action No. 2:20-cv-00354 |
| Rita Pucheu, individually and in her capacity as the representative of the estate of Shawn Pucheu c/o Discon Law Firm, 424 North Causeway Blvd., Ste. A, Mandeville, LA 70448 | February 11, 2020 demand for security |
| *Tiffany Brigalia, on behalf of and as tutrix for L.B. and K.B., the minor children of Matthew Brigalia, now Deceased v. Elite Towing, Inc. and American River* | Civil District Court for the Parish of Orleans, State of Louisiana, Division I, Section 14, Case No. 2020-01031 |

*Transportation Co., LLC*

13. The voyage on which Petitioners seek exoneration or to limit their liability began at the Magnolia Anchorage (Mile 46 AHP) on the Mississippi River on or about January 23, 2020, and terminated at the Reserve Anchorage, (Mile 137 AHP), on January 26, 2020.

14. The value of Petitioners' interest in M/V GLORY FIRST following the incident was $14,500,000, and there was no pending freight for the voyage at the time of the incident, as evidenced by the Affidavit of Value and Pending Freight attached hereto as <u>Exhibit A</u>.

15. Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from The Steamship Mutual Underwriting Association Limited in the sum of $14,500,000, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of M/V GLORY FIRST, her appurtenances, and pending freight or hire. The Letter of Undertaking is attached hereto as <u>Exhibit B</u>.

16. Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have a valid defense thereto on the facts and on the law, and further allege that the incident occurred without the privity or knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Section 30501, *et seq.* of Title 46 of the United States Code (and all laws supplementary and amendatory thereto) and in Rule F of the Supplemental Rules for Admiralty and Maritime Claims, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

17. Petitioners show that if one or all of them should be held liable to any degree to

-
-
-

any person or entity, which is denied, the liability should be limited to and not exceed the value of Petitioners' interest in the aforementioned vessel and her freight in the maximum aggregate of $14,500,000.

18. Should it later appear that Petitioners are or may be liable and that the amount or value of their interests in M/V GLORY FIRST and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the general maritime law of the United States, and by the rules and practices of this Honorable Court.

19. All and singular the premises are true, correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners pray:

A. This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of its interest in M/V GLORY FIRST and her pending freight;

B. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, requiring them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the

attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

C. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, their underwriters, and/or against the M/V GLORY FIRST, her officers, crew and underwriters, or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any losses, damages, injuries, or deaths occasioned or incurred as a result of the aforesaid accident;

D. This Court adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the incident, or for any claim therefor in any way arising out of or resulting from the aforesaid incident;

E. Alternatively, if Petitioners shall be adjudged liable, that such liability be limited to the amount or value of Petitioners' interest in M/V GLORY FIRST and her pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the incident, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; and

F. Petitioners may have such other, further or different relief as may be just and equitable in the circumstances.

Respectfully submitted,

 */s/ Antonio J. Rodriguez*
ANTONIO J. RODRIGUEZ (La. 11375)
antonio.rodriguez@wilsonelser.com
H. JAKE RODRIGUEZ (La. 27867)
jake.rodriguez@wilsonelser.com
MICHAEL A. HAROWSKI (La. 30543)
michael.harowski@wilsonelser.com
ASHLEY E. BANE (La. 35640)
ashley.bane@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Phone: 504-712-1710
Fax:    504-712-1715
*Counsel for Petitioners*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of Glory First Ltd., Glory Ships (S) Pte. Ltd., and Erasmus Corp. as Owner and Managing Owners of the M/V GLORY FIRST, Petitioning for Exoneration from, or Limitation of Liability | CIVIL ACTION NO.<br><br>JUDGE:<br><br>MAG. JUDGE: |

## AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ORLEANS

Before me, the undersigned authority, personally came and appeared Antonio J. Rodriguez, who, after being duly sworn, did depose and say:

1. That he is counsel for Glory First Ltd., Glory Ships (S) Pte. Ltd., and Erasmus Corp. (hereinafter collectively referred to as "Petitioners"), in the foregoing Complaint.

2. That he has read the foregoing Complaint, and that all of the allegations of fact therein are true and correct to the best of his knowledge, information, and belief, based upon information contained in his files and/or communications with his clients.

Sworn to and subscribed before me this 14th day of February, 2020.

_____
Notary Public

_____
Antonio J. Rodriguez

Ashley E. Bane
Notary Public
State of Louisiana
Orleans Parish
Notary ID#142480
My Commission is for Life